# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY LYNN McGINTY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. EDCV 13-0271 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Kimberly Lynn McGinty ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (Joint Stip. at 17-20.) The Court agrees with Plaintiff for the reasons discussed below.

    A.    <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings

1  are insufficient; rather, the ALJ must identify what testimony is not credible and
2  what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d
3  821, 834 (9th Cir. 1995).

4      Here, the ALJ provided four reasons in support of his credibility
5  determination. The Court discusses, and rejects, each in turn.

6      First, the ALJ found that "the objective medical evidence does not support the
7  alleged severity of [Plaintiff's] symptoms." (Administrative Record ("AR") at 28.)
8  However, an ALJ "may not reject a claimant's subjective complaints based solely on
9  a lack of objective medical evidence to fully corroborate the alleged severity of
10 pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Summers v. Bowen*,
11 813 F.2d 241, 242 (9th Cir. 1987) (per curiam). Thus, as to this ground, the ALJ's
12 credibility determination is inadequate.

13     Second, the ALJ found that Plaintiff sought conservative treatment. (AR at
14 24.) While "evidence of conservative treatment is sufficient to discount a claimant's
15 testimony regarding severity of an impairment," *Parra v. Astrue*, 481 F.3d 742, 751
16 (9th Cir. 2007), here, Plaintiff's treatment was not conservative. In particular, she
17 received multiple epidural injections. (AR at 1065, 1126.) Typically, epidural
18 injections are considered to be *serious* treatment. *See, e.g., Tagle v. Astrue*, 2012
19 WL 4364242, at *4 (C.D. Cal. Sept. 21, 2012); *Christie v. Astrue*, 2011 WL
20 4368189, at *4 (C.D. Cal. Sept. 16, 2011); *Oldham v. Astrue*, 2010 WL 2850770, at
21 *9 (C.D. Cal. July 19, 2010). As such, this reason is invalid.

22     Third, the ALJ found that Plaintiff made inconsistent statements. Specifically,
23 Plaintiff "checked the box indicating she had difficulty concentrating and following
24 instructions. Yet she stated that she could follow written and spoken instructions
25 'okay.'" (AR at 26, 346.) There are two problems with the ALJ's analysis here.
26 First, the ALJ misconstrues Plaintiff's form. Plaintiff never indicated that she had
27 *difficulty* concentrating and following instructions. (*See id.* at 346.) Rather, she
28 checked a box indicating that her "illness, injuries, or conditions *affect*" her abilities,

as compared to before the onset of her illness. (*Id.* at 345-46) (emphasis added). Second, and moreover, there is no inherent inconsistency between the fact that Plaintiff's illness *affects* her concentration and ability to follow instructions, and her assertions that she does them "okay," but not well. (*See id.*) Accordingly, this reason is insufficient. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ improperly "developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports [and] paraphrasing of record material [such that it] is not entirely accurate regarding the content or tone of the record.")

Fourth, the ALJ found that Plaintiff "has described activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (AR at 25.) In particular, Plaintiff could "do stretching exercises, watch television, maintain her personal care, walk, ride in a car, [] shop in stores, count change, and spend time with others." (*Id.*) However, the ALJ takes most of these activities out of context. *See Reddick*, 157 F.3d at 722-23. Regarding her personal care, Plaintiff reported that she has trouble bathing because she "can't tell how hot the water is" due to numbing in her hands and feet. (*Id.* at 342.) She also has difficulty feeding herself due to numbness. (*Id.* at 342-343.) Plaintiff stated that she can walk, but only for fifteen minutes at a time. (*Id.* at 344.) She drives short distances, but only with a second licensed driver in the car. (*Id.*) Plaintiff shops, but again, she never does so alone, takes frequent breaks, and it is difficult nevertheless. (*Id.*) Finally, she spends less time with friends than she used to. (*Id.* at 342.)

As for Plaintiff's ability to stretch, watch television, and count change, these activities are not so physically or mentally demanding that it is apparent that Plaintiff exaggerated her limitations. Under the "clear and convincing" standard, then, there must be some explanation of how these activities undermine the specific limitations alleged by Plaintiff. *See Lester*, 81 F.3d at 834. Absent such a showing, this reason does not pass muster.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly rejected Plaintiff's credibility.

### B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit Plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting them.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[1/]

Dated: February 25, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[1/] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 4-9, 17-22.)